Sutliet, J.
In relation to the first error assigned, it is sufficient to say that the description of the land in the auditor’s deed does not appear to embrace the land in controversy.
The land described in the plaintiff’s petition, is “a tract of land ■situate in said Scioto county, to wit, part of French Grant, lot No. 66, being in the northeast corner *of said lot No. 66, known and described as Folen’s farm, containing seventy-two acres, be the same more or less.”
The auditor’s deed, under which the defendant below claimed title, contains the following description, to wit: ‘‘ The following-described tract of land in the county of Scioto, to wit, the one-third part of French Grant lot No. 6G, containing seventy-two •and one-half acres, being that part of said lot No. 66 formerly ■owned by C. Y. Folen.”
The record also shows, that the land for which the auditor’s ■deed was so given, had been advertised and sold by the auditor under the following description, and that it was upon the sale so made, upon such advertisement, that said auditor’s deed was executed :

From the description thus given by the defendant’s evidence of title, it is impossible to perceive that any part of the lands de *486 fccribed in the plaintiffs petition are included therein. The description in the auditor’s deed o.f the land, as one-third of the lot, does not describe it as in the “ northeast corner of the lot,” but]' only as “ the third part,” and 11 containing 72]¡- acres,” and “ being that part of said lot Ho. 66 foi’merly owned by C. V. Folen.” And the record shows no other proof making more definite the description of the land thus given.
We do not, therefore, perceive any. error in the court of common pleas, in holding that the plaintiff in error had not, by virtue of said tax sale and auditor’s deed, shown himself legally entitled to-receive.the tax, interest, and penalty from the defendant in error.
The second causo assigned for error, however, presents a more grave question for consideration.
The defendant below having the actual possession, and the action being, on the part of the plaintiff, the assertion *of a right of possession under a legal title, he could only recover upon making proof of such title. Actual possession on the part of the-defendant was a sufficient title for a defense, unless the plaintiff proved a superior title. The only proof of title made by the plaintiff on the trial, was the deed mentioned. It was objected to that deed, that it was not acknowledged in accordance-with the statutory provisions of this state in relation to the execution of deeds. If it was not so executed, it was, of course, inoperative to convey a legal title; and the plaintiff, having failed to-give any other evidence of title, would not, in that case, have shown a superior title to the defendant, and would not, therefore,, have been entitled to judgment.
Let us, then, recur to the statute in relation to the acknowledgment of deeds, which is relied upon to show the validity of the-deed.
It is provided by section 1 of the act entitled “ an act to provide-for the proof, acknowledgment, and recording of deeds and other instruments of writing,” passed February 22, 1831 (Chase’s Stat. 1843),.as follows:
“ That when a man or unmarried woman above the age of twenty-one years shall execute, within this state, any deed, mortgage, or other instrument of writing, by which any land, tenement,, or hereditament shall be conveyed, or otherwise affected or incumbered in law, such deed, mortgage, or other instrument of writing shall be signed and sealed by the grantor or grantors, maker or *487 makers, and such signing and sealing shall be acknowledged by such grantor or maker in the presence of two witnesses, who shall attest such signing and sealing, and subscribe their names to such, attestation; and such signing and sealing shall also be acknowledged by such grantor or grantors, maker or makers, before a judge of the Supreme Court or of the court of common pleas, a justice of the peace, notary public, mayor, or other presiding officer of an incorporated town or city, who shall *certify such acJmowledgment on the same sheet on which such deed, mortgage, or other instrument may be printed or written,” . ... “ and shall subscribe his name to such certificate.”
The certificate being made by a commissioner appointed under the act of January 26, 1844, to take acknowledgments of deeds, ctc.T in other states, must, by the provisions of the act, be executed according to the laws of this state. Curw. Stat. 1001.
Is the acknowledgment, then, certified according to the laws of the state? This question is clearly answered by the record. The statute of this state, as wo have seen, requires the officer to “ certify the acknowledgment on the same sheet on which such deed . . . may be printed or written.” The record shows the acknowledgment in the ease before us to have been certified “upon a separate strip of paper, attached to said deed by a wafer, with the officer’s seal upon, the same.” It follows therefore from the language of the law, and the record before us, that the acknowledgment was not certified in accordance with the express provision of the statute.
The object of the provision was evidently to prevent mistakes and fraud, and to give greater certainty to titles within the state.
Certain officei’s of the state are particularly designated to take the acknowledgment of deeds. The parties are required to acknowledge the execution of the instrument before those persons -T and none others are authorized to act in their stead. But if a certificate of acknowledgment might be attached to the deed as a postage-stamp is to a letter, what would there be to prevent the official duty being performed by a deputy only? The justice or other officer intrusted with that duty might deliver his certificates to a stranger to attach to a deed, at his pleasure, thus obviating the necessity of any acknowledgment of a deed, in fact, before the officer designated and invested with the official trust. The certificates when so ^prepared, would also be liable to be fraudu *488 lently obtained and used in certain cases, without the knowledge or consent of the commissioner.
In such cases as those under consideration, it is evident that to hold the attaching of a certificate of acknowledgment, made upon a distinct piece of paper, sufficient evidence of an acknowledgment, would be throwing the door wide open for mistake, fraud, and mischief to enter.
The statute referred to authorizes the governor to appoint one or more commissioners in any other of the United States to take acknowledgment and proof of the execution of any deed or other conveyance, or lease of any lands lying in this state, to be used and recorded in this state. It is presumed that the governor will have respect to the personal qualifications of the one appointed and commissioned by him for the discharge of the important duty. But if that duty may be discharged by barely attaching his certificate to the instrument, what is there to prevent his constituting any scrivener, attorney, or clerk his deputy, and furnishing them with his certificates to be attached ?
Again, it is obvious that other mischiefs than those resulting necessarily from the discharge of the duty by careless or incompetent deputies might be expected from such disregard of the express provisions of the statute.
The facility with which such a certificate of acknowledgment might be removed from one instrument and attached to others would greatly impair the public security against intentional frauds Indeed, such a certificate of acknowledgment upon a separate piece of paper, is alike in contravention of the express language and the undoubted meaning of the statute. The statute, as we have seen, expressly requires the officer to ce7'tify the acknowledgment on the same sheet on which such deed may be printed or mitten. The record shows the acknowledgment in this case to have been certified “ upon a separate strip of paper, and attached to said deed by a wafer, with the officer’s seal upon *the same.” The deed was not, therefore, executed according to the laws of this state! and consequently conveyed no legal title to the plaintiff below. The court of common pleas therefore erred in overruling the motion of the defendant below for a new trial and entering judgment against him.
And we are clearly of opinion the district court erred in affirming the judgment of the court of common pleas, and for that cause *489 the judgment of the district court, and also that of the court of ■common pleas, must be reversed, with costs.

Judgment accordingly.

Brinkerhoee, C. J., and Scott and Gholson, JJ., concurred. ■
Peck, J., dissented as to the second proposition stated in the syllabus.